IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY STEWART,<br>    ID # 01820594,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)  No. 3:19-CV-1349-N-BH<br>)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 5, 2019 (doc. 3), should be **DENIED** with prejudice.

**I.     BACKGROUND**

Anthony Stewart (Petitioner), a parolee formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges the calculation of his sentence in Cause No. 33246-CR in Ellis County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.     State Court Proceedings**

In 2008, Petitioner was indicted for aggravated robbery in Cause No. 33246-CR in the 40th Judicial District Court of Ellis County, Texas. (*See* doc. 11-4 at 27.) After he pleaded guilty, the trial court made an affirmative deadly weapon finding, imposed a $2,500 fine, deferred

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

adjudication, and placed him on a ten-year period of community supervision on July 17, 2009. (*See id.* at 8.) Petitioner's community supervision was later revoked for violation of its terms, he was adjudicated guilty, an affirmative deadly weapon finding was made, and on October 17, 2012, he was sentenced to 15 years' imprisonment in the TDCJ-CID under a plea agreement. (*See id.* at 57-60.) He received 426 days' time credit under the judgment. (*See id.* at 57.) He did not appeal.

In his state habeas application, which was dated January 28, 2019, and received by the trial court on February 6, 2019, Petitioner challenged the calculation of his sentence. (*See id.* at 69-87.) On February 25, 2019, the trial court issued findings of fact and conclusions of law in which it recommended that the state habeas application be denied. (*See id.* at 118-21.) On April 3, 2019, the Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing. (*See* doc. 11-1); *Ex parte Stewart*, No. WR-89,631-01 (Tex. Crim. App. Apr. 3, 2019).

**B.     Substantive Claims**

The § 2254 petition asserts the following grounds for relief:

(1) 8th Amendment (Cruel and Unusual Punishment). "Unusual Punishment[ ]";

(2) 14th Amendment (Due Process);

(3) 14th Amendment (Due Process).

(doc. 3 at 6-7.) Respondent filed a response on August 5, 2019. (*See* doc. 12.) Petitioner filed a reply on October 1, 2019. (*See* doc. 15.)

**II.     APPLICABLE LAW**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed

unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III.   EARNED TIME CREDITS[3]

In his three grounds for relief, Petitioner contends that his imprisonment violated the Eighth Amendment's prohibition against cruel and unusual punishment, the due process clause of the Fourteenth Amendment, and the equal protection clause of the Fourteenth Amendment. (*See* doc. 3 at 6-7; doc. 4 at 10, 14, 16.) He contends that "[a]ccording to T.D.C.J. records and calculation, Petitioner have [sic] done over one-hundred plus percent of petitioners [sic] sentence," based on the total of his flat-time served and his earned good conduct and work-time credits. (doc. 4 at 8-9, 16; *see also* doc. 3 at 6-7.) He also argues that the "State of Texas Goodtime [sic], is a fraudulent and meaningless system" that violates the Eighth and Fourteenth Amendments and due process. (doc. 4 at 10.)

Here, Petitioner was convicted of aggravated robbery with an affirmative weapon finding under § 29.03 of the Texas Penal Code, with an affirmative deadly weapon finding; on October 17, 2012, he was sentenced to 15 years' imprisonment in the TDCJ-CID and credited 426 days' time. (*See* doc. 11-4 at 57.) The minimum and maximum expiration date of his sentence is August 17, 2026. (*See* doc. 11-4 at 103; *see also* doc. 4 at 19; doc. 12-1 at 3-4.)

Texas law provides that good conduct time, including time earned in a work program, applies only to an inmate's eligibility for release on parole or mandatory supervision and does not otherwise affect the term of a sentence.[4] Tex. Gov't Code Ann. § 498.003(a). Under § 508.149

---

[3] Respondent contends that the claims raised in the § 2254 petition are barred by the applicable statute of limitations. (*See* doc. 12 at 7-9.) Because the limitations issue is not jurisdictional, courts may bypass it and proceed to the merits of a § 2254 action. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *8-9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.).

[4] Petitioner incorrectly claims that "when an inmate maintains a good conduct record he/she receives extra time toward his/her original sentence. And with that extra earned credit, it shorten [sic] the inmate's sentence. Plus, when the

of the Texas Government Code, inmates convicted of certain offenses, including aggravated robbery under § 29.03 and offenses with an affirmative deadly weapon finding, are ineligible for release to mandatory supervision.[5] *See* Tex. Gov't Code §§ 508.149(a)(1), (12). Additionally, a defendant convicted of aggravated robbery under § 29.03 or a felony involving an affirmative deadly weapon finding must serve at least half of the sentence imposed, excluding good conduct time, but no less than two years, before he can be eligible for parole.[6] *See* Tex. Gov't Code § 508.145(d)(1) (2013); Tex. Code Crim. P. art. 42.12, §§ 3g(a)(1)(F), (a)(2) (repealed 2017).[7]

Petitioner is not eligible for mandatory supervision based on his offense of conviction, and because "Texas prisoners have no protected liberty interest in parole [Petitioner] cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997). Additionally, to the extent he challenges the constitutionality of Texas laws governing good conduct and work-time credits, which includes work-time credits, the Fifth Circuit has rejected these types of challenges because earned time credits do not affect the length of an inmate's sentence and there is no constitutional liberty interest in parole. *See Gordon v. Perry,* 259 F. App'x 651, 652-53 (5th Cir. 2007) (rejecting equal protection and due process constitutionality challenges to Texas laws regarding good

---

earned credits meet the flat-time half-way, both good-time and work-time, it should release the inmate from his/her entire sentence. Thus, releasing the inmate from prison." (doc. 4 at 4-5.)

[5] Under Texas law, mandatory supervision is defined as "the release of an eligible inmate sentenced to the [TDCJ] so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5).

[6] Under Texas law, parole is defined as "the discretionary and conditional release of an eligible inmate sentenced to the [TDCJ] so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6).

[7] Article 42.12 of the Texas Code of Criminal Procedure was in effect at the time Petitioner was sentenced in 2012. *See* Tex. Code Crim. P. art. 42.12, § 3g (2013). It was repealed and replaced with Chapter 42A of the Texas Code of Criminal Procedure, effective January 1, 2017. *See Williams v. State*, No. 05-20-00939-CR, 2022 WL 354587, at *2 (Tex. App.—Dallas Feb. 7, 2022, no pet. h.).

conduct time) (citing *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997)). Petitioner's claims regarding his earned time credits and termination of his sentence are accordingly without merit, and he has failed to show that the state court's rejection of his claims was contrary to federal law or unreasonable. The claims should be denied.[8]

### IV. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 5, 2019 (doc. 3), should be **DENIED** with prejudice.

**SIGNED this 19th day of April, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] In his reply, Petitioner appears to contend that the TDCJ's records of his earned good conduct and work-time credits is "a falsified document, making it a (violation of Texas Penal Code § 37.09 and § 37.10) falsification of records." (doc. 15 at 3.) To this extent this allegation can be liberally construed to assert an additional ground for relief, it is without merit because criminal statutes cannot be enforced in a civil action. *See, e.g., Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). The claim should be denied.